☑ Original      ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)*<br>a mobile device currently retained in ATF custody<br>described as: One blue Apple I-Phone bearing IMEI #<br>351793393021162, fully described in Attachment A. | )<br>)<br>)<br>)<br>)<br>) | Case No. 22-934M(NJ)<br>**Matter No.: 2022R00268** |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of _____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before      8/17/2022
_____ *(not to exceed 14 days)*

☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to      Honorable Nancy Joseph      .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:      8/3/2022 @ 10:20a.m.      _____
                                                                                          *Judge's signature*

City and state:      Milwaukee, WI      Honorable Nancy Joseph, U.S. Magistrate Judge
                                                                            *Printed name and title*

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name(s) of any person(s) seized:

**Certification**

      I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

**ATTACHMENT A**

PROPERTY TO BE SEARCHED

The property to be searched is a mobile device currently retained in ATF custody. The device is further described as follows: One [1] blue Apple I-Phone touch screen cell phone bearing IMEI # 351793393021162.

**ATTACHMENT B**

**ITEMS TO BE SEIZED**

The warrant authorizes the examination of the device for records and information relating to violations of Title 18 United States Code, Sections 922(a)(6), 922(a)(1)(A), 924(a)(1)(A), and 922(d)(1) involving WATSON BOWERS, including:

a. Records and information relating to the acquisition, sale, storage, transport, or transfer of firearms or ammunition by Robert WATSON BOWERS Jr., or by persons in communication with Robert WATSON BOWERS Jr., including types, amounts, and prices of firearms or ammunition, as well as dates, places, and amounts of specific transactions;

b. Records and information reflecting communication between WATSON BOWERS and any person relating to firearms or ammunition, whether by voice, text, instant message, email, or any other form of electronic communication;

c. Records and information reflecting communication between WATSON BOWERS and any other person, pertaining to attempted contacts with law enforcement;

d. Records and information reflecting the state of mind of WATSON BOWERS at times pertinent to the investigation;

e. Images, photographs, video, or other media files pertaining to the acquisition, sake, storage, transport, or transfer of firearms or ammunition;

f. Records and information relating to receipts, logs, inventories, and other documentation relating to the purchase, sale, storage, transport, or transfer of firearms or ammunition;

18

g.  Evidence of user attribution showing who used or owned the mobile cellular device assisgned to call number 414-484-0342 at the time things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

h.  Any stored GPS location tracking/logging files that may provide additional evidence as to the targets' travels, and may provide evidence as to the location where the alleged illegal actions occurred;

i.  Records and information relating to bank records, checks, credit card bills, account information, and other financial records of financial activity pertaining to firearms or ammuntion;

j.  Records and information relating to internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that a user entered into any internet search engine, and records of user-typed web addresses.

As used above, the terms "records" and "information" include all the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

# UNITED STATES DISTRICT COURT

for the

Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)*<br><br>a mobile device currently retained in ATF custody<br>described as: One blue Apple I-Phone bearing IMEI #<br>351793393021162, fully described in Attachment A. | )<br>)<br>)<br>)<br>)<br>)<br>) |

Case No.  22-934M(NJ)

## Matter No.: 2022R00268

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

See Attachment A.

located in the _____ District of _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(a)(1)(A); §<br>922(a)(6)/924(a)(1)(A); and §<br>922(d)(1) | Engaging in the Business Without a License (Firearms); False Statement During<br>the Purchase of a Firearm; and Sale/Transfer of a Firearm to a Prohibited Person |

The application is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

SA Brendan Mulvey, ATF
_____
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____ telephone _____ *(specify reliable electronic means)*.

Date:  8/3/2022
_____
*Judge's signature*

City and state:  Milwaukee, WI

Hon. Nancy Joseph, U.S. Magistrate Judge
_____
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Brendan Mulvey, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.      Your affiant makes this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing (1) the examination of a cellular phone belonging to ROBERT WATSON BOWERS JR. ("WATSON BOWERS") currently in the custody of the Bureau of Alcohol, Tobacco, Firearms & Explosives, and the extraction of electronically stored evidence as described in Attachment A.

2.      Your affiant is employed with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and has been since June 2018. Your affiant has successfully completed the Criminal Investigator Training Program and ATF Special Agent Basic Training at the ATF National Academy, held at the Federal Law Enforcement Training Center. As an ATF Agent, your affiant has conducted numerous investigations involving violations of federal and state laws including violations of Title 18 U.S.C. § 922(a)(6), False Statement as to Material Fact to a Federal Firearms Licensee (FFL), Title 18 U.S.C. § 922(a)(1)(a), Dealing Firearms Without a License, Title 18 U.S.C. § 924(a)(1)(a), Knowingly Making a False Representation, and Title 18 U.S.C § 922(d)(1), Sale/Transfer of a Firearm to a Prohibited Person.

3.      Prior to working for ATF, your affiant was a sworn law enforcement officer for the Village of Chicago Ridge, Illinois.

4.      Your affiant has had a variety of formal, informal, and on the job training in the investigation of illegal firearms possession and firearms trafficking. In addition, your affiant has participated in the execution of search warrants in which firearms, ammunition, and controlled substances were seized in violation of state and federal laws.  Additionally, your affiant is familiar

1

with street name(s) of firearms, controlled substances, and respective related topics, as well as has knowledge of the use of money laundering to conceal ill-gotten money.

5.     This affidavit is made in support of an application for a warrant to search and seize one [1] cell phone, further described in Attachment A. The search will be for evidence and instrumentalities associated with violations of Title 18 U.S.C. § 922(a)(6), False Statement as to Material Fact to a Federal Firearms Licensee (FFL), Title 18 U.S.C. § 922(a)(1)(a), Dealing Firearms Without a License, Title 18 U.S.C. § 924(a)(1)(a), Knowingly Making a False Representation, and Title 18 U.S.C § 922(d)(1), Sale/Transfer of a Firearm to a Prohibited Person, as well as other related evidence of criminal wrong doing by WATSON BOWERS, and/or any other known or unknown co-conspirators.

6.     The facts in this affidavit come from your affiant's personal observations, training and experience, and information obtained from other investigators and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of the known knowledge about this matter.

7.     In preparing this affidavit, your affiant has reviewed copies of official Milwaukee Police Department reports and know that reports such as the ones reviewed are prepared in the regular course of official Police Department business. ATF Special Agents have relied upon such reports in the past and found them to be truthful and reliable.

8.     In addition to police reports, your affiant has also reviewed firearm trace reports associated with WATSON BOWERS. These reports include instances in which a firearm(s) originally purchased by WATSON BOWERS was recovered at a crime scene(s) and subsequently traced by the investigating agency.

2

9. Also, in preparation of this affidavit, your affiant has also reviewed transaction paperwork completed by WATSON BOWERS during identified firearm purchases from licensed dealers, such as ATF Form's 4473 and Wisconsin Department of Justice Firearms Dealer Notification (Handgun Transfers) Forms.

10. Based on training and experience, your affiant uses the following technical terms to convey the following meanings:

- Wireless cell phone: A wireless cell phone (or mobile cell phone, or cellphone) is a handheld wireless device used for voice and data communication through radio signals. These cellphones send signals through networks of transmitter/receivers, enabling communication with other wireless cellphone or traditional "land line" cellphone. A wireless cellphone usually contains a "call log," which records the cellphone number, date, and time of calls made to and from the cellphone. In addition to enabling voice communications, wireless cellphones offer a broad range of capabilities. These capabilities include: storing names and cellphone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless cellphone may also include global positioning system ("GPS") technology for determining the location of the device.

- Digital camera: A digital camera is a camera that records pictures as digital picture files, rather than by using photographic film. Digital cameras use a variety of fixed and removable storage media to store their recorded images. Images can usually be retrieved by connecting the camera to a computer or by connecting the removable storage medium to a separate reader. Removable storage media include various types of flash memory cards or miniature hard drives. Most digital cameras also include a screen for viewing the stored images. This storage media can contain any digital data, including data unrelated to photographs or videos.

- Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

3

11.     Based on your affiant's training, experience, and research, your affiant knows that many cell phones have capabilities that allow them to serve as a wireless/VOIP cellphone, digital camera, GPS navigation device, portable storage, and a tablet. In your affiant's training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

## PROBABLE CAUSE

12.     In July 2022, ATF was made aware of a fatal shooting that occurred at 1134 N. 20th St, Apartment 101, in the city and county of Milwaukee, ("the Incident Location" herein) which resulted in the death of a three-year-old victim.

13.     Investigators from the Milwaukee Police Department (MPD) responded to the scene and located the victim laying face-up on the living room floor with apparent gunshot wound to the head. Also upon arrival, as emergency first aid was being rendered to the victim, additional responding officers began conducting a protective sweep for the presence of any threats that may be present on scene. While conducting a sweep of the basement door located immediately adjacent to the incident location, MPD Officers located a red and black Nike duffle bag concealed behind the basement door containing a [1] Kimber, model Aegis Elite Custom, .45 caliber pistol, bearing serial number K674765 ("the Kimber" herein), a [2] Glock, model 19X, 9mm caliber pistol, bearing serial number BUYX063 ("the Glock 19X" herein), and a [3] Glock, model 17 Gen. 4, 9mm caliber pistol, bearing serial number SCY886 ("the Glock 17" herein), a brown in color magazine containing ten [10] rounds of ammunition, as well as various packages of suspected marijuana. While rendering the weapons safe, MPD Officer observed the Glock 19X to have a spent cartridge casing located inside the chamber which was not properly ejected from the port. It

4

should also be noted that no casings were located inside the residence where the shooting occurred. Therefore, your affiant concludes that the Glock 19X was the firearm utilized in the fatal shooting.

14.     ATF E-Traces were subsequently conducted on all of the recovered firearms. In doing so, ATF identified the Glock 19X to have been originally purchased by WATSON BOWERS from Federal Firearms Licensee (FFL) Select Fire Weaponry, located at 2325 Parklawn Dr, Suite B Waukesha WI 53186, on June 28, 2022. Your affiant observed the firearm's time-to-crime/time-to-recovery (TTC/TTR) to be 3-days. Furthermore, the Glock 17 was also identified to have been purchased by WATSON BOWERS from Select Fire Weaponry on May 28, 2022. Your affiant observed the firearm's TTC/TTR to be 34-days.

15.     MPD Investigators then conducted an on-scene interview of the victim's mother Shantia JONES (DOB: XX/XX/XXXX) regarding the incident. JONES informed MPD that she, along with her live-in boyfriend Raheem Deon MOORE (DOB: XX/XX/XXXX), her sister XXXXX WALKER (DOB: XX/XX/XXXX), and her two children to include the victim had been at the apartment for the past two [2] days. JONES stated that there are several firearms inside the residence. JONES stated that she went to sleep at approximately 2300 hours the night before on June 30, 2022. JONES stated that her son (the victim) was already asleep in his bedroom, along with his brother, and WALKER at the time she went to sleep. JONES stated that MOORE was still awake in the living room watching television when she went to bed. JONES stated she was awoken by the sound of a gunshot at approximately 0430 hours and ran out of her room and located the victim on the floor in the living room near where MOORE was still sleeping on the couch. JONES stated that MOORE then departed the scene prior to police arrival because he was a convicted felon. A criminal history check of MOORE confirmed his status as a convicted felon

5

based on his conviction of 2nd Degree Reckless Homicide – Party to, which was filed in Milwaukee County on October 13, 2008.

16.     MPD Investigators then questioned JONES as to who the owner of the Nike duffle bag was, to which she explained the bag belonged to MOORE, and that she had previously seen him with the bag on several occasions. JONES also informed MPD that she had an unspecified .380 caliber pistol stowed behind her television in her bedroom that she observed prior to and immediately after the shooting, however, the pistol had since gone missing.

17.     Investigators then obtained written consent from JONES to conduct a search of the residence.

18.     Investigators subsequently recovered multiple items of evidentiary value inside the Southeast bedroom of the residence. More specifically, located in the top dresser drawer inside the Southeast closet of the bedroom along the East wall was a wallet containing two [2] Wisconsin identification cards for MOORE. Also located inside the same drawer was a Glock magazine containing one [1] round of ammunition, one [1] box containing eighteen [18] rounds of .40 caliber ammunition, a plastic sandwich bag containing eighteen [18] rounds of 9mm caliber ammunition, one [1] box containing thirty-one [31] rounds of 5.7x28mm caliber ammunition, one [1] round of .223 caliber ammunition, as well as US currency. Also located inside the Southeast closet on top of the shelf was an empty brown in color, unknown brand, gun box containing a purchase receipt with the name WATSON BOWERS for the purchase of a Glock, model 21 Gen. 3, bearing serial number BFFH772 ("the Glock 21" herein). The receipt was observed to be affixed to a copy of a Wisconsin Department of Justice Firearms Dealer Notification (Handgun Transfers) Form completed by WATSON BOWERS on June 24, 2022. Your affiant noted the Glock 21 to have been purchased just seven [7] days prior to the receipt/Wisconsin Handgun Form being recovered

6

by law enforcement on the date of the incident. Also recovered from beneath the bed inside the Northeast bedroom was an empty black in color Glock brand gun box with an identified serial number of BUPB587. Your affiant identified the box to belong to a Glock, model 19, 9mm caliber pistol, bearing the aforementioned serial number BUPB587, which was purchased by WATSON BOWERS on May 31, 2022, from Select Fire Weaponry, located at 2325 Parklawn Dr, Suite B, Waukesha WI 53186. Your affiant also observed the purchase to prompt a Multiple Sale Report as WATSON BOWERS had purchased the Glock 17 within five [5] business days of the May 31, 2022, purchase. Your affiant is aware that the Gun Control Act of 1968 requires FFL's to report to the ATF when there is a sale of multiple handguns to the same purchaser during a single transaction, or within five [5] consecutive business days of each other. These types of transactions are commonly referred to as "multiple sales."

19.    To date, ATF has identified WATSON BOWERS to have engaged in four [4] separate transactions, in which a total of four [4] firearms were purchased. Your affiant observed all purchases to have occurred at FFL Select Fire Weaponry, which is located in the Eastern Judicial District of Wisconsin. Your affiant noted all four [4] firearms purchased by WATSON BOWERS to be Glock brand pistols, three [3] being of similar model and caliber. Your affiant is aware that multiple purchases of the same/similar type/model/caliber firearm in a short period of time is often indicative of firearms trafficking as opposed to firearms collecting. Furthermore, ATF has reason to believe that WATSON BOWERS has engaged in firearms straw purchasing on behalf of MOORE.

20.    As part of this investigation, your affiant obtained ATF Form 4473 paperwork completed by WATSON BOWERS during all identified firearm purchases from Select Fire Weaponry. Your affiant reviewed the documents and observed WATSON BOWERS to provide a

7

residential address of 3371 N. 5th St, Milwaukee, WI 53212, in Section B Question 10 on the form during all transactions. Your affiant also observed WATSON BOWERS to mark "Yes" when answering question 21. a. located in Section B on each form which reads:

> "Are you the actual transferee/buyer of the firearm(s) listed on this form and any continuation sheet(s) (ATF Form 5300.9A)? **Warning: You are not the actual transferee/buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual transferee/buyer, the licensee cannot transfer the firearm(s) to you.** Exception: If you are only picking up a repaired firearm(s) for another person, you are not required to answer question 21. a. and may proceed to question 21. b."

21.     Your affiant also observed WATSON BOWERS to provide his signature in box 22. on each form, certifying that the information provided in Section B of the form is true. Further, by signing, WATSON BOWERS understood it would be a violation of Federal law to answer "Yes" to question 21. a. if he was not in fact the actual transferee/buyer of the firearm, and that he would be committing a felony violation by misrepresenting himself as the actual purchaser. WATSON BOWERS also certified that he understood, "that the repetitive purchase of firearms for the purpose of resale for livelihood and profit without a Federal firearms license is a violation of Federal law."

22.     Also, as part of this investigation, your affiant obtained copies of the Wisconsin Department of Justice Firearms Dealer Notification Form's completed by WATSON BOWERS during all identified firearm purchases. Your affiant is aware that FFL's are required by Wisconsin state law to have customers complete this form prior to engaging in the sale/transfer of a handgun. Upon reviewing the forms, your affiant observed WATSON BOWERS to write "Yes" next to question 16. a. on the form which reads:

> "Are you the actual purchaser of the firearm? You are the actual purchaser if you are not purchasing the firearm at the request of, or on

8

behalf of, any other person or are not purchasing the firearm with the purpose or intent of reselling the firearm to any other person."

23. Furthermore, your affiant observed WATSON BOWERS to write "No" next to question 16. b. on each form which reads:

"Are you purchasing the firearm with the purpose or intent to transfer the firearm to a person who is prohibited from possessing a firearm under state or federal law? WARNING: TRANSFER TO MINORS, FELONS, AND PROHIBITED PERSONS. It is illegal for anyone to provide or assist in providing any firearm to a minor, except under conditions as set forth in the Wisconsin statutes, and under any circumstances to provide or assist in providing any firearm to a convicted felon or any other person prohibited by law from possessing a firearm under s. 941.29. Criminal prosecution may result in up to a $25,000 fine and up to 10 years imprisonment under s. 941.2905."

24. Your affiant also observed WATSON BOWERS to provide the telephone number (414) 484-0342 as his point of contact alongside his signature at the bottom of Section 1 on each form. Upon providing his signature, WATSON BOWERS certified that the information provided on the form was true. As part of this investigation, your affiant conducted a records check of the aforementioned telephone number for unofficial subscriber information using law enforcement databases and observed WATSON BOWERS to list as the likely user of the assigned number.

25. In obtaining these documents, Select Fire Weaponry also provided ATF with a store purchase policy statement which was also signed by WATSON BOWERS at the time of firearm purchase. FFL XXXX XXXXXX of Select Fire Weaponry informed your affiant that this is a new practice implemented by the store and that the store began requiring the completion of the form in June 2022 prior to engaging in the transfer of a firearm. FFL XXXXXX stated that WATSON BOWERS completed this form during both the June 24, 2022, and the June 28, 2022, firearm purchases. The policy lists a series of terms and conditions that a purchaser must agree to prior to Select Fire Weaponry processing a transaction. Upon reading the form, your affiant observed Paragraph 2 to stipulate the that the purchaser must provide an accurate place of

residence and that the address provided must also be reflected on a valid state issued identification card, or other state issued legal document. Failure to provide physical proof of current residence/address would result in Select Fire Weaponry not facilitating the sale of a firearm. Your affiant also observed Paragraph 3 to warn the purchaser against engaging in straw purchasing activity. Specifically, Paragraph 3 states the following:

> **"ANY ATTEMPT TO STRAW PURCHASE A GUN (BUYING A GUN FOR SOMEONE ELSE) WILL BE REPORTED TO FEDERAL, STATE, AND/OR LOCAL AUTHORITIES. IF WE SUSPECT AT ANY POINT THAT THIS IS OCCURRING, WE WILL IMMEDIATELY CANCEL THE TRANSACTION, REPORT TO THE AUTHORITIES MENTIONED ABOVE, AND ANY PAYMENT WILL NOT BE REFUNDED."**

26.     The policy also warned the purchaser against providing any false or inaccurate information on the ATF Form 4473 and/or State of Wisconsin Handgun Form, and that doing so may result in Federal/State/Local prosecution. WATSON BOWERS then provided his initials agreeing that the information provided on the forms were accurate.

27.     The policy also required the purchaser to agree to the terms and conditions detailed on the policy and to proceed with a non-refundable payment. WATSON BOWERS then provided his initials, agreeing to said terms. WATSON BOWERS also provided his name, signature, and phone number at the bottom of the form, certifying that he read and accepted the store purchase policy.

28.     Lastly, in acquiring these documents, your affiant also obtained copies of the bills of sale for all purchases made by WATSON BOWERS from Select Fire Weaponry. In doing so, your affiant observed WATSON BOWERS to have expended a total of $2,361.18 USC (tax included), in mostly cash payments, in firearms purchases. Your affiant also noted WATSON BOWERS to have engaged in all four [4] transactions within a one [1] month timeframe, with the first identified purchase occurring on May 28, 2022, and the last on June 28, 2022.

10

29.     In obtaining these records, your affiant again spoke with FFL XXXXXX of Select Fire Weaponry. FFL XXXXXX informed your affiant that the store retained video footage that recorded WATSON BOWERS visits during all identified purchases. FFL XXXXXX also informed your affiant that on each occasion, WATSON BOWERS arrived at the store driving a silver in color Nissan sedan, with unknown registration. Your affiant then traveled to Select Fire Weaponry and reviewed the footage with FFL XXXXXX. Your affiant observed the vehicle operated by WATSON BOWERS during his firearm purchases and believed it to be a silver in color Nissan Altima.

30.     Continuing on July 20, 2022, your affiant engaged in a surveillance operation at the Target Residence. During the operation, your affiant observed a black, male, adult, whom he believed to be WATSON BOWERS based on reviewing his Wisconsin state issued driver's license photo, exit the residence and enter the driver's seat of a silver in color Nissan Altima bearing WI registration plate AEC-1537, which was parked in front of the Target Residence on the east side of the street facing northbound. Your affiant observed the vehicle to match that as the one captured by surveillance footage from Select Fire Weaponry on the dates of WATSON BOWERS firearm purchases. Your affiant then observed the vehicle depart travelling northbound on N. 5th St. before disappearing from view.

31.     Also, as part of this investigation, investigators obtained and served a Federal Grand Jury Subpoena to T-Mobile for records pertaining to the suspect telephone number (414) 484-0342. Upon obtaining these records, ATF learned the subscriber for the suspect telephone number to be "Robert Watson Bowers." The account number was observed listed as 972438522, and shows it as being active since January 26, 2021. The account is billed to WATSON BOWERS

11

and lists his date of birth as being July 4, 1997, and social security number (SSN) as 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. Lastly, it lists WATSON BOWERS cellular telephone to bear IMEI # 351793393021162.

32.     On July 25, 2022, your affiant obtained a federal search warrant for the residence and associated vehicle(s) of WATSON BOWERS, which was authorized by the Honorable Stephen C. Dries, United States Magistrate Judge. ATF subsequently executed the search warrant the following day, on July 26, 2022.

33.     At the time of execution, ATF Special Agents and assisting MPD personnel surrounded the residence and Special Agents positioned outside the front entry door began a "knock and announce" procedure, in which they articulated their presence as law enforcement and that they possessed a search warrant. Eventually, the door was opened by a black female adult, later identified as XXXX XXXXXXX (DOB: XX/XX/XXXX), who was then escorted by law enforcement out of the residence towards N. 5th St. Moments later, a black male adult, whom your affiant recognized to be WATSON BOWERS, emerged from the top of the stairwell from the part of the residence where the bedrooms are located. WATSON BOWERS was then detained and escorted outside the residence away from ATF entry units.

34.     Once the residence was deemed clear of additional occupants, your affiant met with WATSON BOWERS who was standing outside of the residence near N. 5th St. WATSON BOWERS then confirmed with your affiant that 3371 N. 5th St. was his primary residence, and that he sleeps on the couch located in the first floor living room area. Your affiant then asked WATSON BOWERS if his mobile cell phone would also be found in this location, to which he stated it would. Your affiant then re-entered the residence and observed a blue in color Apple I-Phone cellular telephone, bearing IMEI # 351793393021162, plugged into a charging port along the North-side living room wall. Your affiant then dialed the target telephone number (414) 484-

12

0342 using his government issued cell phone. Your affiant then observed the mobile device to receive an incoming call with a displayed caller ID of "W Candia San Ramon, CA" (See Figure 1). It should be noted that your affiant's government issued telephone number has an assigned area code of "925", which is the designated area code of San Ramon, California. Your affiant subsequently determined the target cell phone and the recovered mobile device to one and the same.



**Figure 1**

**General law enforcement knowledge related to criminal activity and cell phones**

35. Your affiant knows that subjects involved in crimes with other subjects often need to use their cell phones to coordinate their criminal activities. Specifically evidence of narcotics

13

distribution and illegal firearm purchase(s), possession, and/or sales is commonly found on the dealer's cell phone(s). Your affiant is aware that firearm traffickers often take or cause to be taken photographs, videos, and other visual depictions of themselves, their associates, their property, money, and their firearms/narcotics on their cell phones. Firearm traffickers also typically keep and maintain these photographs, videos, and other visual depictions in cell phones located on their person or in areas where they exercise dominion and control. Your affiant also knows that persons use their cell phones to post and view social media accounts like Facebook, as well as use other apps such as ones that track location(s), provide directions, and enable communication with others to name a few.

36.    Additionally, those who are prohibited from legally purchasing/possessing firearms must obtain firearms through other means, often times through a straw purchaser. A straw purchase can be described as the event where someone who can legally purchase/possess a firearm purchases a firearm on behalf of someone else. This is done in an effort to conceal the true identity of the intended recipient. Affiant is aware this is a commonly utilized technique by convicted felons who seek to obtain firearms.

37.    Your affiant is aware that cell phones and other electronic communication devices are often used by those involved in illegal activities to store information including text messages, multimedia messages, and a history of incoming and outgoing calls, contact/address book information, photographs, videos, and other data related to their criminal activities.Similarly, your affiant is aware that many of those who use cell phones often will maintain  a list of their contacts and their associates names, phone numbers, and other identifying information as well as communications. This information is relevant to the investigation as it will allow law enforcement

14

to identify potential sources and/or traffickers involved in either firearms or narcotics trafficking, assist in the identification of customers, and can be used to identify other potential co-conspirators.

38.     Moreover, as law enforcement determined the target cell phone(s) is that of WATSON BOWERS, it is likely to have information indicating his/her involvement in straw purchasing, as well as identifying co-conspiritors in his distribution operation. Moreover, the target cell phone(s) may also contain evidence of additional illegal firearms possession/use and/or other illicit activity. Therefore, your affiant requests that he be allowed to collect this information as part of the execution of this search warrant as it will assist in identifying the user(s) or owner of the cell phone(s), individuals with whom the user has or had contact, and may provide evidence of the source of any guns involved in this investigation.

39.     Your affiant is also requesting to be authorized to search of the target cell phone to include all removable drives, cards, memory devices or similar devices attached to or contained within said cell phone. Your affiant is aware that cell phones frequently contain SD cards or other removable memory/storage devices upon which data, including photographs, videos, and other information, may be stored.

40.     Your affiant is aware that many cell phones capture or otherwise store GPS location tracking/logging files, may provide additional evidence as to the targets' travels, and may provide evidence as to the location where the alleged illegal actions occurred.  Similarly, said information may assist law enforcement with locating and identifying other subjects with whom the target(s) was involved in related to narcotics and/or firearms trafficking, including assisting in identifying the place or places where said illegal possession of firearms and/or narcotics may have occurred.

41.     Based on the foregoing facts and circumstances, there is probable cause to believe that WATSON BOWERS has violated Title 18 U.S.C. 922(a)(6) and 924(a)(1)(A). There is

probable cause to believe that the target cell phone(s) will contain evidence of such criminal offenses and may identify other actors and co-conspirators.

**ATTACHMENT A**

PROPERTY TO BE SEARCHED

The property to be searched is a mobile device currently retained in ATF custody. The device is further described as follows: One [1] blue Apple I-Phone touch screen cell phone bearing IMEI # 351793393021162.

**ATTACHMENT B**

ITEMS TO BE SEIZED

The warrant authorizes the examination of the device for records and information relating to violations of Title 18 United States Code, Sections 922(a)(6), 922(a)(1)(A), 924(a)(1)(A), and 922(d)(1) involving WATSON BOWERS, including:

a. Records and information relating to the acquisition, sale, storage, transport, or transfer of firearms or ammunition by Robert WATSON BOWERS Jr., or by persons in communication with Robert WATSON BOWERS Jr., including types, amounts, and prices of firearms or ammunition, as well as dates, places, and amounts of specific transactions;

b. Records and information reflecting communication between WATSON BOWERS and any person relating to firearms or ammunition, whether by voice, text, instant message, email, or any other form of electronic communication;

c. Records and information reflecting communication between WATSON BOWERS and any other person, pertaining to attempted contacts with law enforcement;

d. Records and information reflecting the state of mind of WATSON BOWERS at times pertinent to the investigation;

e. Images, photographs, video, or other media files pertaining to the acquisition, sake, storage, transport, or transfer of firearms or ammunition;

f. Records and information relating to receipts, logs, inventories, and other documentation relating to the purchase, sale, storage, transport, or transfer of firearms or ammunition;

g. Evidence of user attribution showing who used or owned the mobile cellular device assisgned to call number 414-484-0342 at the time things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

h. Any stored GPS location tracking/logging files that may provide additional evidence as to the targets' travels, and may provide evidence as to the location where the alleged illegal actions occurred;

i. Records and information relating to bank records, checks, credit card bills, account information, and other financial records of financial activity pertaining to firearms or ammuntion;

j. Records and information relating to internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that a user entered into any internet search engine, and records of user-typed web addresses.

As used above, the terms "records" and "information" include all the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.